# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50503 | **DATE** | 6/16/2003 |
| **CASE TITLE** | WHITTAKER vs. NORTHERN ILLINOIS UNIVERSITY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, NIU's motion to dismiss is granted in part and denied in part.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 16 2003 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6-17-03 date mailed notice | |
| /SEC | courtroom deputy's initials | 03 JUN 16 PM 3:52 Date/time received in central Clerk's Office | SW mailing deputy initials | |

(Reserved for use by the Court)
# MEMORANDUM OPINION AND ORDER

Plaintiff, Charles M. Whittaker, has filed a two-count amended complaint against defendant, Northern Illinois University ("NIU"). He alleges claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., as well as a separate count for injunctive relief under both statutes. Jurisdiction and venue are proper based on 42 U.S.C. §§ 2000e-5(f)(3), 12117(a). Before the court is NIU's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Whittaker has not filed any response to this motion and the deadline for him to do so is now two weeks passed.[1]

Although the court thus does not have the benefit of knowing whether Whittaker opposes some or all of NIU's motion, many of the issues NIU has raised are relatively straightforward and need not detain the court long. First, NIU is correct that Whittaker's request for monetary damages under the ADA —both compensatory and punitive —are barred by the Eleventh Amendment. See Board of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356, 372, 374 (2001). But NIU goes a little too far by arguing further that Whittaker has failed to state a claim under the ADA so as to entitle him to injunctive relief. Although NIU is right that Whittaker has not stated a claim for disparate treatment under the ADA, it is clear from Whittaker's amended complaint he never had any intention of doing so. Rather, his only claim under the ADA is one for reasonable accommodation — and his pleadings on *that* theory are sufficient to survive a motion to dismiss.

NIU also seeks to dismiss Whittaker's Title VII claim. This claim is based on a type of associational theory — specifically, that NIU retaliated against Whittaker because his ex-wife filed a charge of discrimination with the EEOC against NIU for sexual harassment. In its motion to dismiss, NIU argues Whittaker has failed to state a retaliation claim because he did not personally engage in any protected activities under Title VII. The Seventh Circuit, however, has assumed, though it has not specifically held, that an employee is protected from retaliation under Title VII based on the protected activities of that employee's spouse. See Drake v. Minnesota Mining & Mfg. Co., 134 F.3d 878, 886 (7th Cir. 1998). In light of Drake, and with NIU offering no authority to the contrary, the court finds Whittaker has presented a viable theory of associational retaliation.

Citing National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002), NIU next argues Whittaker is barred from relying on any instances of retaliation that occurred before December 4, 2001 —i.e., 300 days or more before he filed his charge of discrimination with the EEOC on September 30, 2002. While this may be true as a general matter, Whittaker does not appear to allege any "discrete acts" of retaliation, such as termination, failure to promote, denial of transfer, or refusal to hire.[2] See Morgan, 536 U.S. at 114. Instead, he seems to be alleging NIU's retaliation took the form of subjecting him to a hostile work environment — a theory approved by the Seventh Circuit in Drake. See Drake, 134 F.3d at 886. Under such a claim, the court may consider all of the events and incidents contributing to the hostile work environment, both before and after the 300th day, so long as one of the events took place within the statutory filing period. See Morgan, 536 U.S. at 117-18. And although Whittaker's complaint does not specify the dates when any of the alleged retaliatory incidents occurred, his EEOC charge does pinpoint some of those dates, most of which fall within the 300-day filing period.

Finally, the court agrees that, regardless of Whittaker's theory in his retaliation count, success on that claim would not entitle Whittaker to punitive damages because Title VII expressly forbids punitive damage awards against governmental agencies, of which NIU, as a public university, is certainly one. See 42 U.S.C. § 1981a(b)(1); Baker v. Runyon, 114 F.3d 668, 669 (7th Cir. 1997), cert. denied sub nom. Baker v. Henderson, 525 U.S. 929 (1998); Miraki v. Chicago State Univ., -- F. Supp. 2d --, No. 02 C 8409, 2003 WL 1989949, at *3 (N.D. Ill. Apr. 30, 2003).

For the reasons stated above, NIU's motion to dismiss is granted in part and denied in part. To be clear, Whittaker's requests for monetary damages —both compensatory and punitive —under the ADA and punitive (but not compensatory) damages under Title VII are hereby stricken. Whittaker's retaliation claim under Title VII is further limited to (1) "discrete acts" of retaliation that occurred exclusively within the 300-day filing period and (2) a retaliatory hostile work environment where at least one of the acts or incidents contributing to the hostile work environment took place within the 300-day filing period.



---

[1] Whittaker filed his original complaint pro se but it appears he has since obtained representation, as Attorney Rene Hernandez signed Whittaker's amended complaint. The court notes, however, that Attorney Hernandez has not yet filed an appearance with the clerk's office. If he intends to continue representing Whittaker in this case, Attorney Hernandez is directed to file an appropriate attorney appearance form.

[2] That is, he does not appear to allege any such discrete acts of retaliation *in his complaint*. He does mention in his EEOC charge, which is attached to his complaint, that he was transferred to an undesired location, but this occurred within the 300-day filing period and thus does not pose a problem (even assuming *arguendo* it is a discrete act of retaliation).